UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| BRIAN LARRY JAMES BAKER,<br><br>Plaintiff,<br><br>v.<br><br>BEAVER VALLEY HOSPITAL, doing business as Mount Olympus Rehabilitation Center, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER PERMITTING AMENDED COMPLAINT AND TEMPORARILY GRANTING MOTION TO WAIVE FILING FEE (DOC. NO. 2)**<br><br>Case No. 2:26-cv-00898<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Brian Baker claims a rehabilitation center discharged him without adequate notice in violation of the Federal Nursing Home Reform Act[1] (FNHRA) and related regulations.[2] But the FNHRA does not provide an individual cause of action against private facilities. And where Mr. Baker does not state a cognizable federal claim, the court should decline jurisdiction over his state law claims. Because his complaint is subject to dismissal, Mr. Baker is permitted to file an amended complaint by **December 7, 2026**, if he chooses to. The court again temporarily grants Mr. Baker's motion to waive the filing fee[3] pending screening of the amended complaint, if any is filed.

---

[1] 42 U.S.C. §§ 1395i-3, 1396r.

[2] (*See* Compl., Doc. No. 1.)

[3] (Doc. No. 2.)

## LEGAL STANDARDS

Mr. Baker filed this case without an attorney and without paying the filing fee.[4] When a court lets a party file a case without paying a filing fee, it must dismiss the case if the complaint "fails to state a claim on which relief may be granted."[5] To decide this, the court uses the standard applied to motions to dismiss under Rule 12(b)(6).[6] To survive dismissal, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[7] Courts accept well-pleaded factual allegations as true, viewing them and drawing reasonable inferences in the plaintiff's favor.[8] But courts do not accept plaintiffs' conclusory allegations as true.[9] "Threadbare recitals" are insufficient.[10] And "a plaintiff must offer specific factual allegations to support each claim."[11] This court also has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."[12]

---

[4] (*See* Compl., Doc. No. 1; Mot. to Waive Filing Fee, Doc. No. 2.)

[5] 28 U.S.C. § 1915(e)(2)(B)(ii).

[6] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007); *see also* Fed. R. Civ. P. 12(b)(6).

[7] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[8] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

[11] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[12] *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (citation omitted).

Because Mr. Baker is representing himself (proceeding without an attorney), his filings are liberally construed.[13] But he still must follow the procedural rules.[14] For instance, he must allege "sufficient facts on which a recognized legal claim could be based."[15] Simply put, courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[16]

## ANALYSIS

Mr. Baker filed this case against Beaver Valley Hospital (a private rehabilitation center), its parent company (Cascades Healthcare LLC), a corporate subsidiary (Mount Olympus Rehab LLC), and various administrators and employees.[17] Mr. Baker alleges the defendants violated the FNHRA and implementing regulations by discharging him with less than thirty days' notice and while his Medicaid application was pending, and by billing him improperly (among other issues).[18] He also brings contract and tort claims under state law.[19]

---

[13] *Hall*, 935 F.2d at 1110.

[14] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[15] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[16] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation omitted).

[17] (*See* Compl. ¶¶ 8–13, Doc. No. 1.)

[18] (*See id.* ¶¶ 1–3, 31–33, 51–53.)

[19] (*See id.* at 10–17.)

The problem is that the FNHRA does not provide a private cause of action against non-government-owned facilities.[20] While the Supreme Court has recognized that FNHRA rights are enforceable under 42 U.S.C. § 1983 against government-owned facilities,[21] this does not extend to private facilities, which generally cannot be sued under § 1983.[22] Mr. Baker does not allege Baker Valley Hospital is government-owned, or any other facts showing it may be held liable as a state actor. Likewise, he does not allege Beaver Valley's parent company, subsidiary, employees, or administrators are state actors. Accordingly, his claim under the FNHRA and implementing regulations is not cognizable. And if Mr. Baker does not state a claim under federal law, the court should decline to exercise supplemental jurisdiction over his state law claims.[23]

For these reasons, the complaint is subject to dismissal.[24] Nevertheless, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is

---

[20] *See Suazo v. Taos Living Ctr., LLC*, No. 18 CV 00673, 2018 U.S. Dist. LEXIS 172136, at *12 (D.N.M. Oct. 3, 2018) (unpublished) ("[V]irtually all courts faced with the issue have determined there is no implied cause of action under the FNHRA against private nursing homes.").

[21] *See Health & Hosp. Corp. v. Talevski*, 599 U.S. 166, 172 (2023).

[22] *See Marsh v. Healthfirst Health Plan*, No. 25-CV-5520, 2026 U.S. Dist. LEXIS 113057, at *5 n.4 (E.D.N.Y. May 21, 2026) (unpublished) ("*Talevski* merely affirmed nursing home residents' right to enforce the Federal Nursing Home Reform Act against county-run nursing homes; it did not broadly extend § 1983 liability to private contractors."); *see also Watson v. Kansas City*, 857 F.2d 690, 694 (10th Cir. 1988) ("To establish a cause of action under [§] 1983, a plaintiff must allege (1) deprivation of a federal right by (2) a person acting under color of state law.").

[23] *See Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

[24] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[25] Mr. Baker will be given a chance to amend his complaint.

## CONCLUSION

1. Mr. Baker may file an amended complaint by **December 7, 2026**. The words "Amended Complaint" should appear in the caption of the document.

2. Mr. Baker is advised that an amended complaint will completely replace all prior versions of the complaint. Claims which are not realleged in the amended complaint will be deemed abandoned.[26]

3. Once filed, the court will screen the amended complaint under 28 U.S.C. § 1915(e) and Rule 3-2(b) of the Local Rules of Civil Practice.[27]

4. The court again temporarily grants the motion to waive the filing fee[28] pending screening of the amended complaint, if any is filed.

---

[25] *Kay*, 500 F.3d at 1217 (citation omitted).

[26] *See Tufaro v. Okla. ex rel. Bd. of Regents of the Univ. of Okla.*, 107 F.4th 1121, 1137 (10th Cir. 2024) ("An amended complaint supersedes a prior complaint and renders it of no legal effect. Failing to replead a claim, when given leave to do so, ordinarily constitutes abandonment when an amended complaint is filed." (citation modified)).

[27] *See* DUCivR 3-2(b), available at https://www.utd.uscourts.gov/sites/utd/files/Civil%20Rules%20Final%202025.pdf [https://perma.cc/P5J9-A9YV].

[28] (Doc. No. 2.)

5. Failure to file an amended complaint may result in dismissal of this action.

DATED this 23rd day of November, 2026.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge