UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| BRIAN LARRY JAMES BAKER,<br><br>Plaintiff,<br><br>v.<br><br>BEAVER VALLEY HOSPITAL, doing business as Mount Olympus Rehabilitation Center, et al.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (DOC. NO. 18)**<br><br>Case No. 2:26-cv-00898<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Brian Baker filed this action without an attorney and without paying the filing fee. Mr. Baker now moves for appointment of counsel.[1] Because Mr. Baker does not justify the appointment of counsel, the motion is denied.

ANALYSIS

While defendants in criminal cases have a constitutional right to representation by an attorney,[2] "[t]here is no constitutional right to appointed counsel in a civil case."[3] Appointment of counsel in civil cases is left to the court's discretion.[4] Indigent parties in civil cases may apply for the appointment of counsel under 28 U.S.C. § 1915(e)(1),

1 (Mot. for Appointment of Counsel, Doc. No. 18.)

2 *See* U.S. Const. amend. VI; Fed. R. Crim. P. 44.

3 *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

4 *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).

which allows a court to "request an attorney to represent any person unable to afford counsel." The applicant has the burden to convince the court his claim has enough merit to warrant appointment of counsel.[5] When deciding whether to appoint counsel, the court considers a variety of factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [the] claims, and the complexity of the legal issues raised by the claims."[6]

Mr. Baker explains he is unable to afford counsel after being unlawfully evicted by the defendants in this case. He states he lacks access to a computer or office equipment, and he faces mobility barriers because he is paralyzed. He contends it would be physically and logistically impossible to navigate complex federal procedures and manage discovery without legal assistance. He also argues his claims are meritorious, and he has made diligent efforts to obtain counsel without success.

The relevant factors do not support appointment of counsel in this case. As to the merits, the court has determined Mr. Baker does not state a cognizable federal claim and permitted him to amend his complaint.[7] Where there are no meritorious federal claims at this stage, this factor weighs against appointment of counsel. Mr. Baker has also proved capable of filing multiple motions,[8] undermining his arguments

---

[5] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[6] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted).

[7] (*See* Doc. No. 19.)

[8] (*See* Doc. Nos. 2, 4, 5, 10, 13, 17.)

that lack of equipment or mobility barriers make it impossible for him to litigate this case. Finally, the factual and legal issues do not appear unusually complex. For all these reasons, Mr. Baker has not shown appointment of counsel is justified.

## CONCLUSION

Mr. Baker's motion to appoint counsel[9] is denied.

DATED this 23rd day of November, 2026.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

[9] (Doc. No. 18.)